# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 6379 | **DATE** | 12/3/2004 |
| **CASE TITLE** | THE SHARROW GROUP vs. ZAUSA DEVELOPMENT CORPORATION | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Enter Memorandum Opinion And Order. Defendant's rule 12(b)(1) and (6) motion to dismiss complaint is granted in part and denied in part. Defendant's motion to dismiss Count I is denied. Counts II and III are dismissed without prejudice. Status hearing is set for February 8, 2005 at 9:15 a.m.

(11) ■ [For further detail see

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | DEC 6 2004 date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 10 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| LG | courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THE SHARROW GROUP, a New York )
limited liability company, )
)
      Plaintiff, )
)
vs. ) No. 04 C 6379
)
ZAUSA DEVELOPMENT )
CORPORATION, an Illinois corporation,)
)
      Defendant. )

DOCKETED
DEC - 6 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff, The Sharrow Group (Sharrow), brought this action against defendant, Zausa Development Corporation (Zausa), for breach of contract, promissory estoppel, and unjust enrichment. Defendant now moves to dismiss all three counts. The motion is granted in part and denied in part.

## BACKGROUND

The following facts, taken from Sharrow's complaint, are, for purposes of this motion, accepted as true. In 2003 and 2004, Zausa, a residential construction company based in Illinois, contracted with Sharrow, a New York recruiting company, for executive recruitment and consulting services. Under the agreements, Sharrow consulted with Zausa about its employment needs, then sought and screened suitable candidates to present to the company for consideration. For its services, Zausa agreed to pay Sharrow a fee of 28% of the total first-year compensation of the employees it placed. The parties estimated the future employees' salaries so that they could anticipate Sharrow's fee, of which one-third was paid at the inception of the agreement, one-third was paid thirty days later, and the remainder was paid

10

when Zausa hired an applicant. Though Sharrow and Zausa entered into agreements to fill specific positions at Zausa, defendant allegedly promised to pay Sharrow's fee if it hired a proposed candidate for a position other than the one Sharrow sought to fill.

In all, the parties entered into five separate agreements, three written agreements, which are attached to the complaint, and two oral agreements. Written agreements dated February 27, 2004, April 19, 2004, and April 27, 2004, detailed the terms of Sharrow's compensation for the recruitment of a land project manager, a project manager, and vice-president of finance and accounting, respectively. Around April 22, 2004, the parties orally agreed that Sharrow would also recruit an architect for Zausa, and would be paid in accordance with their written contracts. Though the parties did not have a specific oral or written agreement for Sharrow to fill a superintendent position, Zausa allegedly filled that position with one of Sharrow's candidates for project manager. In addition to their executive recruitment agreements, the parties also entered into an oral agreement for Sharrow to provide Zausa a researched report on mobile home parks for a $2000 flat fee. Sharrow alleges that Zausa has failed to pay for its services in accord with the terms of these agreements, shorting the plaintiff $82,873.34 in compensation.

## DISCUSSION

Zausa moves to dismiss all three counts of the complaint on the basis of both Federal Rule of Civil Procedure 12(b)(6) and 12(b)(1). First we will address defendant's 12(b)(6) arguments. A 12(b)(6) motion to dismiss tests the sufficiency of the complaint, not the merits of the case. Triad Assocs., Inc. v. Chicago Hous. Auth., 892 F.2d 583, 586 (7th Cir. 1989). In deciding a motion to dismiss, the court must assume the truth of all well-pleaded allegations, making all inferences in the plaintiff's favor. Sidney S. Arst Co. v. Pipefitters Welfare Educ.

Fund, 25 F.3d 417, 420 (7th Cir. 1994). The court should dismiss a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). We therefore view the alleged contracts from the plaintiff's perspective if they could reasonably be so construed.

Count I alleges breach of contract. To state a claim for breach of contract in Illinois, plaintiff must allege "the existence of a valid and enforceable contract, fulfillment of all of [its] obligations thereunder, breach by the defendant, and injury resulting from the breach." Blackmon-Mooring Steamatic Catastrophe, Inc. v. County of Cook, Ill., 2004 WL 1794936 at *1 (N.D.Ill. 2004)(citing Unterschuetz v. City of Chicago, 346 Ill.App.3d 65, 803 N.E.2d 988, 991 (1st Dist. 2004). Defendant argues that this count fails because plaintiff does not allege that it fulfilled its obligation under some of the contracts. The written recruiting agreements for land project manager, project manager and vice-president, state that "Zausa Homes agrees to pay a placement fee to The Sharrow Group . . . if any candidate presented by this search firm under the terms of this agreement is hired by the Employer within 12 months of candidate presentation." The oral agreement regarding recruitment of an architect was allegedly subject to the same terms. Zausa maintains that since the complaint does not allege that it hired one of Sharrow's candidates for vice-president or architect, plaintiff is not entitled to compensation under those written and oral contracts.[1]

While the written contracts hinge payment of Sharrow's fee on Zausa hiring one of its

---

[1]Defendant does not contest that plaintiff states a claim regarding its contracts for recruiting a land plan manager and a plan manager. Unlike the positions for vice-president and architect, plaintiff alleges that Zausa filled the manager positions with candidates presented by Sharrow. Nor does defendant contest that plaintiff states a claim for breach of the research contract. Therefore, regardless of our decision on defendant's motion, Count I will not be dismissed for failure to state a claim. At most, certain claims will be unavailable under Count I.

candidates, they also state that the fee is "for a search," and provide for one third of the fee to be paid at the start of the search and another third to be paid thirty days later, with the remainder to come at the time a candidate is hired. The complaint does not indicate that payment of the first two installments of Sharrow's fee hinge on Zausa's hiring of a suitable candidate. Sharrow's allegations and the provisions of the written contracts state that partial payments are to be made at the beginning of and during Sharrow's search. Sharrow's allegation that Zausa has not paid these installments is an allegation of breach. Likewise, Sharrow satisfies the requirement to plead performance under the contract, alleging that it has "fully performed all services for which it seeks payment under the above-alleged agreements."

Defendant also argues that its hiring of Sigmund LaPorta as a superintendent does not give rise to a breach of contract claim. Sharrow alleges that Zausa hired LaPorta as a superintendent after it presented him as a suitable candidate for the project manager position, pursuant to their recruitment agreement. Plaintiff maintains that it is entitled to 28% of LaPorta's first-year salary, just as with all its other placements for defendant.

Zausa points out that plaintiff has failed to attach a written agreement concerning the recruitment of a superintendent, and there are no allegations of a specific oral agreement concerning the position. Sharrow maintains that the terms of the project manager contract apply to LaPorta's hiring. Defendant counters that the contract does not establish plaintiff's entitlement to a fee for placement of a superintendent and that the parol evidence rule bars the consideration of any prior agreements or understandings to amend the written contract. The parol evidence rule bars oral or written evidence of negotiations preceding an integrated contract. In re Vic Supply Co., Inc., 227 F.3d 928, 933 (7th Cir. 2000). However, we need not consider the application of the rule at this stage because plaintiff's pleadings regarding the

hiring of a superintendent do not rely on agreements made prior to the project manager contract. Given language in the project manager contract, namely that Zausa will pay a placement fee "if any candidate presented by this search firm under the terms of this agreement is hired by the Employer within 12 months of candidate presentation," we cannot find that it is beyond doubt that plaintiff is unable to prove its claim entitling it to relief.

Sharrow pleads promissory estoppel (Count II) and unjust enrichment (Count III) in the alternative. Under Illinois law, promissory estoppel and unjust enrichment are unavailable where the parties have entered into an express contract. *See* Prodromos v. Poulos, 202 Ill.App.3d 1024, 1032, 560 N.E.2d 942, 948 (1st Dist. 1991)("As a rule, plaintiffs cannot pursue quasi-contractual claims where there is an express contract between the parties."); Prentice v. UDC Advisory Services, Inc., 271 Ill.App.3d 505, 511, 648 N.E.2d 146, 150 (1st Dist. 1995)("[I]f a party's performance under a written contract is the same performance which satisfies the requirement of detrimental reliance, then that party is barred from seeking redress under the doctrine of promissory estoppel."); *see also* Ogdon v. Hoyt, 2004 WL 1610973 at *3 (N.D.Ill. 2004). As plaintiff correctly notes, federal rules allow a plaintiff to plead inconsistent claims in the alternative. *See* Fed.R.Civ.P. 8(e)(2) ("A party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses."). Nonetheless, while plaintiff may plead breach of contract in one count and unjust enrichment and promissory estoppel in others, it may not include allegations of an express contract, which governs the relationship of the parties, in the counts for unjust enrichment and promissory estoppel. *See* Canadian Pacific Railway Co. v. Williams-Hayward, 2003 WL 1907943 at *5 (N.D.Ill. 2003); Team Impressions, Inc. v. Chromas Technologies Canada, Inc., 2003 WL 355647 at *4 (N.D.Ill. 2003); SMC Corp. v.

Peoplesoft USA, Inc., 2004 WL 2538641 at *3 (S.D. Ind. 2004). Throughout its complaint, plaintiff alleges that "valid and enforceable agreements" governed the parties' relationship. Plaintiff incorporates these allegations into both its count for promissory estoppel and unjust enrichment by re-alleging paragraphs 1 through 31. Plaintiff maintains that it is only seeking relief under these theories to the extent it does not recover for breach of contract. This is irrelevant, for it is not the availability of relief that determines whether plaintiff may pursue these actions, but the existence of an express contract. Dismissal on this basis is especially appropriate where the plaintiff has attached the relevant contracts to the complaint and alleged that the oral contracts mirror the provisions of the written contracts.

Defendant also contends that the court must dismiss plaintiff's action for lack of federal jurisdiction over the subject, pursuant to Rule 12(b)(1). As plaintiff has successfully pleaded breach of contract claims for damages in excess of $75,000, defendant's argument fails.

## CONCLUSION

Defendant's motion to dismiss Count I is denied. Counts II and III are dismissed without prejudice.

James B. Moran
JAMES B. MORAN
Senior Judge, U. S. District Court

Dec. 3, 2004.